UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THOMAS DUKE,                                    Case No. 3:10-cv-00371-HA

      Plaintiff,                               ORDER

      v.

FRED C. NACHTIGAL and NACHITIGAL
EISENSTEIN & ASSOCIATES
ATTORNEYS AT LAW, an Oregon
co-partnership,

      Defendants.

_____

HAGGERTY, District Judge:

      Plaintiff filed this action against defendants seeking damages for alleged violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.; the Oregon Unlawful

Debt Collection Practices Act (OUDCPA), Oregon Revised Statute (ORS) 646.639 *et seq.*;

malicious prosecution of civil proceedings; and conversion. Summary judgment was granted to

defendants on all claims. Defendants now advance a Motion for an Award of Attorney Fees [66]

and Bill of Costs [65]. Oral argument was deemed unnecessary for resolution of these matters.

For the following reasons, defendants' Motion for an Award of Attorney Fees and Bill of Costs

are granted.

1 - ORDER

## ANALYSIS

The factual background related to this litigation is well known to the parties and the court and will not be recounted here.  A factual summary is contained in this court's prior Opinion and Order [62] granting summary judgment to defendants.  Additional facts will be addressed only as necessary for analysis of defendants' request for attorney fees.

Though the court granted summary judgment to defendants on all claims, defendants only seek recovery for fees incurred as a result of plaintiff's OUDCPA claim.  In total, defendants incurred $119,704.50 in attorney fees.  Defendants acknowledge that the bulk of those fees were spent litigating plaintiff's other claims, and request a fee award of $17,955.68 for the fees incurred litigating plaintiff's OUDCPA claim.

Pursuant to ORS 646.641(3), the "court may award reasonable attorney fees to the prevailing party."  In any case where attorney fees are authorized by Oregon statute, the court must consider the following eight factors in deciding whether to award fees:

    (a)    The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith, or illegal.

    (b)    The objective reasonableness of the claims and defenses asserted by the parties.

    (c)    The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

    (d)    The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

    (e)    The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

    (f)    The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

    (g)    The amount that the court has awarded as a prevailing party fee under ORS 20.190.

    (h)    Such other factors as the court may consider appropriate under the circumstances of the case.

ORS 20.075(1).  In a case where the court determines that an award of attorney fees is

2 - ORDER

appropriate, the court should consider the above factors in determining the amount of fees to be

awarded in addition to the below factors:

> (a)    The time and labor required in the proceeding, the novelty and difficulty of
>        the questions involved in the proceeding and the skill needed to properly
>        perform the legal services.
> (b)    The likelihood, if apparent to the client, that the acceptance of the
>        particular employment by the attorney would preclude the attorney from
>        taking other cases.
> (c)    The fee customarily charged in the locality for similar legal services.
> (d)    The amount involved in the controversy and the results obtained.
> (e)    The time limitations imposed by the client or the circumstances of the
>        case.
> (f)    The nature and length of the attorney's professional relationship with the
>        client.
> (g)    The experience, reputation, and ability of the attorney performing the
>        services.
> (h)    Whether the fee of the attorney is fixed or contingent.

ORS 20.075(2).

This court has reviewed the above factors in determining whether an award of fees is

appropriate on plaintiff's OUDCPA claim.  Although both parties were at least partially at fault

for the conduct that gave rise to the claim (defendants by failing to file a satisfaction of judgment

and plaintiff by repeatedly failing to appear for court), the court concludes that only plaintiff's

conduct was willful.  Although the court granted summary judgment to defendants, plaintiff's

claim was litigated in good faith.  The court does not believe that an award of attorney fees in this

case would have a particularly strong impact in deterring others from asserting meritless or

meritorious claims.  Blame for the contentious nature of the discovery disputes in this case can be

laid at the feet of both sides, however, the court finds that defendants were particularly

overzealous in their invocation of privilege.  With respect to settlement, the court concludes that

plaintiff was unreasonable in rejecting defendants' offers and in requesting large sums to settle a

3 - ORDER

weak case.  In light of these factors, and with particular reliance on plaintiff's wilful conduct and unreasonable settlement posture, the court finds that an award of attorney fees is appropriate. The court next turns to the question of what fees are reasonable.

Plaintiff contends that the requested fee is too high in light of defendants' discovery conduct, plaintiff's financial resources, and the relative simplicity of the OUDCPA claim.  The court has considered these arguments along with the factors set forth above and concludes that a slight reduction in the fee award is warranted by defendants' discovery conduct and by defendants' failure to file a partial satisfaction of judgment when they had agreed to do so. Accordingly, defendants are awarded $15,000.00 in attorney fees.

## CONCLUSION

For the reasons provided, defendants' Motion for Attorney Fees [66] and Bill of Costs [65] are GRANTED.  Defendants are awarded $15,000.00 in attorney fees and $3,550.21 in costs.

IT IS SO ORDERED.

DATED this 22nd day of March, 2012.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

4 - ORDER